IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Byron Troutman, ) | No. CV 06-1996-PHX-JAT (ECV) |
| Petitioner, ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| Lane Blair, et al., ) | |
| Respondents. ) | |

TO THE HONORABLE JAMES A. TEILBORG, UNITED STATES DISTRICT JUDGE:

**BACKGROUND**

Pending before the court is a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner David Byron Troutman. Doc. #1. Pursuant to a plea agreement, Petitioner was convicted and sentenced on September 26, 2003, in the Maricopa County Superior Court. Doc. #14, Exh. E. Petitioner pled guilty to one count of Aggravated Assault, a Class 3 Dangerous Felony under Arizona law. Doc. #14, Exh. C, E. Consistent with the plea agreement, Petitioner was sentenced to 10 years in prison. Id.

On April 15, 2005, Petitioner filed a Notice of Post-Conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure. Doc. #14, Exh. G. The trial court denied the petition in a Minute Entry filed on May 12, 2005. Doc. #14, Exh. H. Petitioner sought review in the Arizona Court of Appeals but the request was denied in an order filed on March

3, 2006. Doc. #14, Exh. I. Petitioner then filed a petition for review in the Arizona Supreme Court, which was denied July 7, 2006. Doc. #14, Exh. J.

On August 18, 2006, Petitioner filed his Petition for Writ of Habeas Corpus in this court. Doc. #1. Petitioner contends in ground one that his prison term exceeds the maximum term allowed under the plea agreement. He further contends in ground two that his lawyer, the prosecutor and the sentencing judge were all ineffective and negligent for allowing an incorrect sentence to be imposed. Finally, in ground three Petitioner claims that the sentencing court committed fundamental error by imposing a sentence that exceeded the prescribed statutory maximum. On December 22, 2006, Respondents filed an Answer to Petition for Writ of Habeas Corpus Limited to Affirmative Defenses. Doc. #14. Petitioner file a Reply on January 9, 2007, and a second Reply on January 22, 2007. Doc. #15, 16.

## DISCUSSION

Respondents contend that the petition should be dismissed because it was not filed within the statute of limitations period. Petitioner argues in his reply that the statute of limitations was tolled by his state petition for post-conviction relief. Based on the information presented, the court finds that the habeas petition is barred by the statute of limitations period and recommends that the petition be denied on that basis.

**A.   Legal Standard**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

An "of-right" petition for post-conviction review under Arizona Rule of Criminal Procedure 32, which is available to criminal defendants who plead guilty, is a form of "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007). Therefore, "AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding, or until the expiration of the time for seeking such proceeding or review." Id.

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see also Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). A state petition that is not filed within the state's required time limit is not "properly filed" and, therefore, the petitioner is not entitled to statutory tolling. Pace v. DiGuglielmo, 125 S.Ct. 1807, 1812 (2005). "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id.

**B.    Application**

Petitioner was convicted and sentenced on September 26, 2003. Doc. #14, Exh. E. By pleading guilty, Petitioner waived his right to a direct appeal. See Ariz. R. Crim. P. 17.1(e). Petitioner had 90 days to file an "of-right" petition for post-conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure. Because Petitioner failed to file such a petition within the prescribed time, the judgment became final for statute of limitations purposes at the end of the 90-day period, on December 26, 2003, and the limitations period began to run on that date. See 28 U.S.C. § 2244(d)(1)(A); Summers, 481 F.3d at 711. The statute of limitations expired one year later on December 26, 2004.

1    Petitioner filed his notice and petition for post-conviction relief in the state court on
2    April 15, 2005. Doc. #14, Exh. G. By that time, the AEDPA statute of limitations had
3    already expired. Filing a petition for post-conviction relief does not reinitiate a limitations
4    period that ended before the petition was filed. See Ferguson v. Palmateer, 321 F.3d 820,
5    823 (9th Cir. 2003). Petitioner then filed his habeas petition in this court on August 18, 2006,
6    nearly 20 months after the deadline.

7    Petitioner argues in his reply that his Rule 32 petition for post-conviction relief was
8    "properly filed" such that the statute of limitations was tolled under 28 U.S.C. § 2244(d)(2).
9    Doc. #15 at 4. However, because the AEDPA statute of limitations had already expired by
10   the time Petitioner filed his petition for post-conviction relief, there was nothing to toll.
11   Therefore, the tolling provision at 28 U.S.C. § 2244(d)(2) does not apply to this case and
12   whether the petition for post-conviction relief was "properly filed" is irrelevant.

13   For the foregoing reasons, the court finds that Petitioner's habeas petition is untimely
14   under 28 U.S.C. § 2244(d)(1)(A). The court will therefore recommend that the petition be
15   denied and dismissed.

16   **IT IS THEREFORE RECOMMENDED:**

17   That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1)
18   be **DENIED** and **DISMISSED WITH PREJUDICE**;

19   This recommendation is not an order that is immediately appealable to the Ninth
20   Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
21   Appellate Procedure, should not be filed until entry of the district court's judgment. The
22   parties shall have ten days from the date of service of a copy of this recommendation within
23   which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R.
24   Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a
25   response to the objections. Failure to timely file objections to the Magistrate Judge's Report
26   and Recommendation may result in the acceptance of the Report and Recommendation by
27   the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114,
28   1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the

1  Magistrate Judge will be considered a waiver of a party's right to appellate review of the
2  findings of fact in an order of judgement entered pursuant to the Magistrate Judge's
3  recommendation.  See Fed. R. Civ. P. 72.
4     DATED this 15th day of June, 2007.

*Edward C. Voss*
Edward C. Voss
United States Magistrate Judge